IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALTIMONT WILKS,** : | **CIVIL ACTION NO. 1:05-CV-1115** |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| et al., : | |
| : | |
| Respondents : | |

# **ORDER**

AND NOW, this 27th day of June, 2006, upon consideration of the report of the magistrate judge (Doc. 18), to which objections were filed (see Docs. 19, 22), recommending that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed, and, following an independent review of the record, it appearing that petitioner has not offered any evidence that a § 2255 motion is inadequate or ineffective, see 28 U.S.C. § 2255 ("An application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, . . . [unless] the remedy by motion is inadequate or ineffective

to test the legality of his detention."); United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000),[1] it is hereby ORDERED that:

1. The court declines to adopt the report and recommendation of the magistrate judge (Doc. 18).[2]

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED as premature.

3. The Clerk of Court is directed to CLOSE this file.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Since the magistrate judge issued the report and recommendation (Doc. 18), petitioner has timely filed a direct appeal to the Third Circuit. (See Criminal Action No. 1:04-CR-0287, Doc. 101.) Hence, a § 2255 motion would be premature at this time. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("[A] collateral attack is generally inappropriate if the possibility of further direct review remains open . . . ."); see also In re Olabode, 325 F.3d 166, 169 (3d Cir. 2003) ("Once the defendant has completed a direct appeal, the prisoner may file one collateral challenge as a matter of course provided it is timely.").

[2] The above-captioned case is no longer in the same procedural posture as it was when the magistrate judge issued the report and recommendation (i.e., the petitioner has since been sentenced and he has timely filed a direct appeal to the Third Circuit). Therefore, although the court agrees with the recommendation to dismiss the petition, the court is unable to adopt the report and recommendation.